**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50252 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00737-LAB |
| v. | |
| LORENZO VALDEZ-GARATE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted March 13, 2018[**]

Before: LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Lorenzo Valdez-Garate appeals from the district court's judgment and challenges the 65-month sentence imposed upon remand following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Valdez-Garate contends that the district court misapplied the minor role Guideline, U.S.S.G. § 3B1.2, by failing to compare him to his co-participants in the offense and instead comparing him to hypothetical average drug couriers. We review the district court's interpretation of the Guidelines de novo, and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

Contrary to Valdez-Garate's contention, when analyzing the five factors under the Guideline, the district court considered the two recruiters he identified as well as other likely participants in the offense. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). Keeping those co-participants "in mind," the court concluded that Valdez-Garate had failed to show that he was "substantially less culpable than the average participant in the criminal activity." *See* U.S.S.G. § 3B1.2 cmt. n.3(A). The court correctly identified and applied the correct legal standard and, in light of the totality of the circumstances, did not abuse its discretion by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(C).

**AFFIRMED.**

17-50252